UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:08 CR 394 HEA ) |
| DAVID TRAMBLE, | ) ) ) |
| Defendant. | ) |

# MOTION IN LIMINE TO EXCLUDE INAPPROPRIATE LAY WITNESS OPINION TESTIMONY BY LAW ENFORCEMENT AGENTS AND MEMORANDUM IN SUPPORT

## FACTS

On June 4, 2008, United States Magistrate Buckles signed a search warrant for a certain 1997 Dodge Ram pick-up truck titled in the name of Defendant David Tramble. The Search Warrant specifically stated "there is now concealed property, namely Concealed Compartments."

At the Evidentiary Hearing, Special Agent John McGarry (hereinafter referred to as "Agent McGarry) testified that he and Special Agent Nelson took possession of the aforesaid 1997 Dodge truck on June 3, 2008, although the search warrant for "concealed compartments" was not issued until June 4, 2008, and the search of the truck was not made until after the issuance of the search warrant.

After the warrant was issued, Agent McGarry removed the truck to S & H Towing for inspection. Agent McGarry testified the canine, Nick, had made a positive alert of the truck in the vicinity of the gas tank, towards the front driver's door. Agent McGarry testified he had no knowledge as to the length of time an odor is retained in a vehicle.

The truck was then put on a lift which raised the truck to a height of "a little over 6 feet" for

1

inspection. Although Agent McGarry testified that there were numerous locations or voids where narcotics could have been concealed, nothing was located and the only evidence was Nick's canine alert.

Agent McGarry testified he "observed tool marks on the retaining screws for the gas tank fill tube, and [that] the straps that secure the gas tank to the vehicle had recently been moved." McGarry also stated that he observed "fresh to marks on these nuts" – relating to the retaining devices. However, Agent McGarry testified that his remarks were simply "observations' and he acknowledged he was not a "professional" and could only state his observations.

United States Magistrate Adelman found that there was probable cause to search the vehicle for hidden compartments or drugs, that the agents were acting within the scope of the search warrant when they utilized the canine to help them search and when they used the hydraulic lift to observe the underside of the truck. On the other hand, Judge Adelman also determined that whether the dog's alert and the agents' observation of the underside of the truck are relevant and admissible at trial should be determined by this Court. As Judge Adelman's stated in his Memorandum:

> Rather, the relevance, evidentiary value, prejudice and ultimate admissibility should be determined by the trial judge, after the trial judge hears testimony from the dog handler about the reliability of the dog's alert, its meaning, and any other evidence the trial judge deems appropriate in determining admissibility. Likewise, whether the agents will be allowed to characterize what they observed as "fresh tool marks' or whether it appeared to the agents that the "screws "had recently been loosened or removed" or whether the agent will have to characterize what the agents observed in a different manner, if at all, should be determined by the trial judge during the trial of this case . . . . Memorandum and Order of United States Magistrate, Document 171, at pp 6-7.

On March 16, 2009, this Court adopted and sustained the analysis of the United States Magistrate (Document 182).

**MEMORANDUM OF LAW**

2

### I.  Principles of Law.

Rule 702 of the Federal Rules of Evidence provides that, where "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," a witness who is "qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise." *Fed. R. Evid.702*. Before allowing the admission of expert testimony, Rule 702 requires "(1) the testimony is based upon sufficient facts or date, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of this case." *Id.*

Rule 701 provides for lay witness testimony. Rule 701 limits a witness' testimony "in the form of opinions or inferences . . . to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issues, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Fed. R. Evid. 701*.

Rule 701 delineates the circumstances in which a lay witness may provide opinion testimony regarding the meaning of vague or ambiguous statements. First, Rule 701 requires that such testimony be "rationally based on the perception of the witness." *Id.* Such testimony must also be helpful to the jury in acquiring a "clear understanding of the witness' testimony or the determination of a fact in issue." *Id.* Although the interpretation of ambiguous statement is permissible under Rule 701, "the interpretation of clear statements is not permissible, and is barred by the helpfulness requirement of both Fed. R. Evid. 701 and Fed. R. Evid. 702." *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007)(*quoting United v. Dicker,* 853 F.2d 1103, 1109 (3d Cir. 1988)).

**II.  If the Government Elicits Testimony from its Case Agents on Matters as Both Expert Witness and Lay Witnesses, Safeguards are Required to Prevent Juror Confusion and Prejudice to Defendant.**

3

When an expert witness also serves as an eye witness, the district court and the prosecutor should be vigilant in ensuring that "the jury understands its function in evaluating the evidence and is not confused by the witness' dual role. *United States v. Foster*, 939 F.2d 445, 452 (7th Cir. 1991). Rule 702 provides that an expert opinion is based on "scientific, technical or other specialized knowledge." When an agent ceases "to apply his specialized knowledge of drug jargon and the drug trade and beg[ins] to interpret ambiguous statements based on his general knowledge of the investigation . . . agent is no "no longer testifying as an expert but rather as a lay witness." *United States v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007).

In *Freeman* the Ninth Circuit Court of Appeals found that "the use of case agents as both expert and lay witnesses . . . will not necessarily result in juror confusion, provided that the district court engages in vigilant gatekeeping." *Id* at 904. However, in that case, the court noted the problematic nature of testimony by a witness who is both an expert and a lay witness, and pointed to three (3) specific concerns.

First, the Court was concerned that "a case agent who testifies as an expert receives "unmerited credibility" for lay testimony. *Id*. at 903. See also *United States v. Dukagini*, 326 F.3d 34, 53 (2nd Cir. 2003)(*citing United States v. Young*, 745 F.2d 733, 760-761 (2d Cir. 1984)("when a fact witness or a case agent also functions as an expert for the government, the government confers upon him '[t]he aura of special reliability and trustworthiness surrounding expert testimony, which ought to caution its use.'").

Second, the Court expressed a concern that an expert could be "called upon by the government to give his opinion as to the meaning of numerous words and conversations, regardless of whether his testimony, at points, was speculative or unnecessarily repetitive." *Id*. at 903. Such form of expert testimony, "unless closely monitored by the district court, may unfairly provide the government with an additional summation by having the expert interpret the evidence . . . may come dangerously close to usurping the jury's function . . . [and] also implicates Rule 403 as a needless

4

presentation of cumulative evidence and a waste of time." *Id*. (*citing United States v. Dukagini*, 326 F.3d 34, 54 (2nd Cir. 2003).

Third, the Court also expressed a concern that when an expert stops testifying as an expert and begins providing lay testimony, he is "no longer allowed . . . to testify based on hearsay information, and to couch his observations as generalized 'opinions' rather than as firsthand knowledge," as when testifying as an expert. *Id*. Where a dual witness "convey[s] hearsay evidence when testifying as a lay witness or base[s] his lay testimony on matters not within his personal knowledge, he exceed[s] the bounds of properly admissible testimony. *Id.*

It was also suggested by the Court in *Freeman* that that it be made clear to the jury the dual role of witnesses who provide both lay and expert testimony, noting that "if jurors are aware of the witness' dual roles, the risk of error in these types of trials is reduced." *Id*.

The analysis articulated in *Freeman* is significant in this case. First, there is the difficulty and risk that the agents who will testify to the condition of the 1997 Dodge Ram pick-up truck owned by Defendant David Tramble are testifying as to their opinions as lay witnesses, not expert testimony as provided in Rule 702 which specifically provides that an expert opinion is based on "scientific, technical or other specialized knowledge." To allow such testimony will serve to confuse the jury in its role as trier of fact.

The observations of Agent McGarry concerning the tool marks on the retaining screws near the gas fill tube and the straps that secure the gas tank are simply his observations and nothing more. By his own admission at the Evidentiary Hearing, neither he, nor any other member of the investigatory team, were considered "professionals." The same analysis must be utilized with regards to the narcotic residue might be retained in an area of the gas tank of the subject truck as well as the credibility on the canine Nick's ability to determine if there was, in fact, any narcotics which caused him to signal a positive alert.

WHEREFORE, for the foregoing reasons, Defendant requests that this Court issue its Order

5

excluding the admission of any testimony by case agents, whether Agent McGarry, or any other agent, who may have inspected the 1997 Dodge pick-up truck titled in the name of Defendant David Tramble or utilized a canine in connection therewith, and for such other and orders as the Court deems proper in the premises.

Respectfully submitted,

/S/ *JoANN TROG*
JoANN TROG                         #18905
Attorney for Defendant Tramble
121 West Adams
St. Louis, Missouri 63122
Telephone:  (314) 821-1111
Fax:  (314) 821-9798
E-Mail:  Jtrogmwb@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2009, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Antoinette Decker, Assistant United States Attorney, 111 South 10th Street, 20th Floor, St. Louis, Missouri 63102.

/S/ *JoANN TROG*
JoANN TROG Bar Number: 18905